LAWRENCE G. BROWN
Acting United States Attorney
DAWRENCE W. RICE, JR.
ELANA S. LANDAU
Assistant U.S. Attorneys
Suite 4401, Federal Courthouse
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:08-cr-00259 OWW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NOTICE OF INTENT TO SEEK THE DEATH PENALTY |
| | ) | |
| JOSE CABRERA SABLAN, and JAMES NINETE LEON GUERRERO, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

The United States of America, pursuant to 18 U.S.C. § 3593(a), notifies the Court and the defendants that the government believes the circumstances of the offenses charged in the Indictment are such that, in the event of a conviction, a sentence of death is justified under Chapter 228 (Sections 3591 through 3599) of Title 18 of the United States Code.  Accordingly, the government intends to seek a sentence of death upon the conviction of the defendants for any of the offenses charged in the Indictment, to wit: 18 U.S.C. § 1111(a) - First Degree Murder; 18 U.S.C. § 1114 - First Degree Murder of United States Correctional Officer; and, 18 U.S.C. § 1118 - Murder by Federal Prisoner

1

1  Serving Life Sentence.

2  　　The government proposes to prove the following factors
3  justifying a sentence of death as to defendant JOSE CABRERA
4  SABLAN, if he is convicted of First Degree Murder, in violation of
5  18 U.S.C. § 1111(a), as alleged in Count One of the Indictment:

6  　　A.　<u>Age</u>.

7  　　　　(1) JOSE CABRERA SABLAN was more than 18 years of age at
8  the time of the offense. (Title 18, United States Code, Section
9  3591(a)).

10 　　B.　<u>Statutory Proportionality Factor Enumerated under 18 U.S.C. § 3591(a)(2)</u>.
11

12 　　　　(1) JOSE CABRERA SABLAN intentionally inflicted serious
13 bodily injury that resulted in the death of Jose V. Rivera.
14 (Title 18, United States Code, Section 3591(a)(2)(B)).

15 　　C.　<u>Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c)</u>.
16

17 　　　　(1) JOSE CABRERA SABLAN caused the death of Jose V.
18 Rivera during the commission of a violation of Title 18, United
19 States Code, Section 1118 (prisoner serving life term).  (Title
20 18, United States Code, Section 3592(c)(1));

21 　　　　(2) JOSE CABRERA SABLAN had previously been convicted of
22 another Federal or State offense resulting in the death of a
23 person, for which a sentence of life imprisonment or death was
24 authorized by statute.  (Title 18, United States Code, Section
25 3592(c)(3));

26 　　　　(3) JOSE CABRERA SABLAN committed the offense in an
27 especially heinous, cruel, or depraved manner in that it involved
28 serious physical abuse to Jose V. Rivera.  (Title 18, United

States Code, Section 3592(c)(6)); and,

(4) JOSE CABRERA SABLAN committed the offense against a Federal public servant, Jose V. Rivera, who was an employee of a United States penal or correctional institution, and the offense was committed while Jose V. Rivera was engaged in the performance of his official duties. (Title 18, United States Code, Section 3592(c)(14)(D)).

The government proposes to prove the following factors justifying a sentence of death as to defendant JOSE CABRERA SABLAN, if he is convicted of First Degree Murder of United States Correctional Officer, in violation of 18 U.S.C. § 1114, as alleged in Count Two of the Indictment:

A.   <u>Age</u>.

(1) JOSE CABRERA SABLAN was more than 18 years of age at the time of the offense. (Title 18, United States Code, Section 3591(a)).

B.   <u>Statutory Proportionality Factor Enumerated under 18 U.S.C. § 3591(a)(2)</u>.

(1) JOSE CABRERA SABLAN intentionally inflicted serious bodily injury that resulted in the death of Jose V. Rivera. (Title 18, United States Code, Section 3591(a)(2)(B)).

C.   <u>Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c)</u>.

(1) JOSE CABRERA SABLAN caused the death of Jose V. Rivera during the commission of a violation of Title 18, United States Code, Section 1118 (prisoner serving life term). (Title 18, United States Code, Section 3592(c)(1));

///

3

1          (2) JOSE CABRERA SABLAN had previously been convicted of
2 another Federal or State offense resulting in the death of a
3 person, for which a sentence of life imprisonment or death was
4 authorized by statute.  (Title 18, United States Code, Section
5 3592(c)(3)); and,
6          (3) JOSE CABRERA SABLAN committed the offense in an
7 especially heinous, cruel, or depraved manner in that it involved
8 serious physical abuse to Jose V. Rivera.  (Title 18, United
9 States Code, Section 3592(c)(6)).
10     The government proposes to prove the following factors
11 justifying a sentence of death as to defendant JOSE CABRERA
12 SABLAN, if he is convicted of Murder by Federal Prisoner Serving
13 Life Sentence, in violation of 18 U.S.C. § 1118, as alleged in
14 Count Three of the Indictment:
15     A.    <u>Age</u>.
16          (1) JOSE CABRERA SABLAN was more than 18 years of age at
17 the time of the offense. (Title 18, United States Code, Section
18 3591(a)).
19     B.    <u>Statutory Proportionality Factor Enumerated under 18
           U.S.C. § 3591(a)(2)</u>.
20
21          (1) JOSE CABRERA SABLAN intentionally inflicted serious
22 bodily injury that resulted in the death of Jose V. Rivera.
23 (Title 18, United States Code, Section 3591(a)(2)(B)).
24     C.    <u>Statutory Aggravating Factors Enumerated under 18 U.S.C.
           § 3592(c)</u>.
25
26          (1) JOSE CABRERA SABLAN committed the offense in an
27 especially heinous, cruel, or depraved manner in that it involved
28 serious physical abuse to Jose V. Rivera.  (Title 18, United

4

1  States Code, Section 3592(c)(6));

2  (2) JOSE CABRERA SABLAN had previously been convicted of
3  another Federal or State offense resulting in the death of a
4  person, for which a sentence of life imprisonment or death was
5  authorized by statute.  (Title 18, United States Code, Section
6  3592(c)(3)); and,

7  (3) JOSE CABRERA SABLAN committed the offense against a
8  Federal public servant, Jose V. Rivera, who was an employee of a
9  United States penal or correctional institution, and the offense
10 was committed while Jose V. Rivera was engaged in the performance
11 of his official duties.  (Title 18, United States Code, Section
12 3592(c)(14)(D)).

13     The government proposes to prove the following factors
14 justifying a sentence of death as to defendant JAMES NINETE LEON
15 GUERRERO, if he is convicted of First Degree Murder, in violation
16 of 18 U.S.C. § 1111(a), as alleged in Count One of the Indictment:

17     A.   <u>Age</u>.

18     (1) JAMES NINETE LEON GUERRERO was more than 18 years of
19 age at the time of the offense. (Title 18, United States Code,
20 Section 3591(a)).

21     B.   <u>Statutory Proportionality Factor Enumerated under 18
             U.S.C. § 3591(a)(2)</u>.
22

23     (1) JAMES NINETE LEON GUERRERO intentionally and
24 specifically engaged in one or more acts of violence, knowing that
25 the act or acts created a grave risk of death to a person, other
26 than one of the participants in the offense, such that
27 participation in such act or acts constituted a reckless disregard
28 for human life, and Jose V. Rivera died as a direct result of such

5

act or acts.  (Title 18, United States Code, Section 3591(a)(2)(D)).

    C.    <u>Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c)</u>.

(1) JAMES NINETE LEON GUERRERO caused the death of Jose V. Rivera during the commission of a violation of Title 18, United States Code, Section 1118 (prisoner serving life term).  (Title 18, United States Code, Section 3592(c)(1));

(2) JAMES NINETE LEON GUERRERO had previously been convicted of a Federal or State offense punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm against another person.  (Title 18, United States Code, Section 3592(c)(2));

(3) JAMES NINETE LEON GUERRERO had previously been convicted of two or more Federal or State offenses, each punishable by a term of imprisonment of more than one year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person. (Title 18, United States Code, Section 3592(c)(4));

(4) JAMES NINETE LEON GUERRERO committed the offense in an especially heinous, cruel, or depraved manner in that it involved serious physical abuse to Jose V. Rivera.  (Title 18, United States Code, Section 3592(c)(6)); and,

(5) JAMES NINETE LEON GUERRERO committed the offense against a Federal public servant, Jose V. Rivera, who was an employee of a United States penal or correctional institution, and the offense was committed while Jose V. Rivera was engaged in the

1  performance of his official duties.  (Title 18, United States
2  Code, Section 3592(c)(14)(D)).
3       The government proposes to prove the following factors
4  justifying a sentence of death as to defendant JAMES NINETE LEON
5  GUERRERO, if he is convicted of First Degree Murder of United
6  States Correctional Officer, in violation of 18 U.S.C. § 1114, as
7  alleged in Count Two of the Indictment:
8       A.   <u>Age</u>.
9            (1) JAMES NINETE LEON GUERRERO was more than 18 years of
10 age at the time of the offense. (Title 18, United States Code,
11 Section 3591(a)).
12      B.   <u>Statutory Proportionality Factor Enumerated under 18
               U.S.C. § 3591(a)(2)</u>.
13
14           (1) JAMES NINETE LEON GUERRERO intentionally and
15 specifically engaged in one or more acts of violence, knowing that
16 the act or acts created a grave risk of death to a person, other
17 than one of the participants in the offense, such that
18 participation in such act or acts constituted a reckless disregard
19 for human life, and Jose V. Rivera died as a direct result of such
20 act or acts.  (Title 18, United States Code, Section
21 3591(a)(2)(D)).
22      C.   <u>Statutory Aggravating Factors Enumerated under 18 U.S.C.
               § 3592(c)</u>.
23
24           (1) JAMES NINETE LEON GUERRERO caused the death of Jose
25 V. Rivera during the commission of a violation of Title 18, United
26 States Code, Section 1118 (prisoner serving life term).  (Title
27 18, United States Code, Section 3592(c)(1));
28 ///

7

          (2) JAMES NINETE LEON GUERRERO had previously been convicted of a Federal or State offense punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm against another person.  (Title 18, United States Code, Section 3592(c)(2));

          (3) JAMES NINETE LEON GUERRERO had previously been convicted of two or more Federal or State offenses, each punishable by a term of imprisonment of more than one year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person. (Title 18, United States Code, Section 3592(c)(4)); and,

          (4) JAMES NINETE LEON GUERRERO committed the offense in an especially heinous, cruel, or depraved manner in that it involved serious physical abuse to Jose V. Rivera.  (Title 18, United States Code, Section 3592(c)(6)).

    The government proposes to prove the following factors justifying a sentence of death as to defendant JAMES NINETE LEON GUERRERO, if he is convicted of Murder by Federal Prisoner Serving Life Sentence, in violation of 18 U.S.C. § 1118, as alleged in Count Three of the Indictment:

    A.   <u>Age</u>.

          (1) JAMES NINETE LEON GUERRERO was more than 18 years of age at the time of the offense. (Title 18, United States Code, Section 3591(a)).

///

///

///

8

    B.   <u>Statutory Proportionality Factor Enumerated under 18 U.S.C. § 3591(a)(2).</u>

(1) JAMES NINETE LEON GUERRERO intentionally and specifically engaged in one or more acts of violence, knowing that the act or acts created a grave risk of death to a person, other than one of the participants in the offense, such that participation in such act or acts constituted a reckless disregard for human life, and Jose V. Rivera died as a direct result of such act or acts.  (Title 18, United States Code, Section 3591(a)(2)(D)).

    C.   <u>Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c).</u>

(1) JAMES NINETE LEON GUERRERO had previously been convicted of a Federal or State offense punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm against another person.  (Title 18, United States Code, Section 3592(c)(2));

(2) JAMES NINETE LEON GUERRERO had previously been convicted of two or more Federal or State offenses, each punishable by a term of imprisonment of more than one year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person. (Title 18, United States Code, Section 3592(c)(4));

(3) JAMES NINETE LEON GUERRERO committed the offense in an especially heinous, cruel, or depraved manner in that it involved serious physical abuse to Jose V. Rivera.  (Title 18, United States Code, Section 3592(c)(6)); and,

        (4) JAMES NINETE LEON GUERRERO committed the offense against a Federal public servant, Jose V. Rivera, who was an employee of a United States penal or correctional institution, and the offense was committed while Jose V. Rivera was engaged in the performance of his official duties.  (Title 18, United States Code, Section 3592(c)(14)(D)).

DATED: April 6, 2009                    Respectfully Submitted,

                                            LAWRENCE G. BROWN
                                            Acting United States Attorney

                                            By /s/Dawrence W. Rice, Jr.
                                            DAWRENCE W. RICE, JR.
                                            Assistant U.S. Attorney