BENJAMIN B. WAGNER
United States Attorney
DAWRENCE W. RICE, JR.
ELANA S. LANDAU
YASIN MOHAMMAD
Assistant U.S. Attorneys
Suite 4401, Federal Courthouse
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 497-4000

BONNIE HANNAN
Trial Attorney
United States Department of Justice
Criminal Division
Capital Case Unit
1331 F Street, N.W.
Washington, DC 20530

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 1:08-cr-00259 OWW |
| ) | |
| Plaintiff, ) | ORDER FOR PSYCHIATRIC OR |
| ) | PSYCHOLOGICAL EXAMINATION TO |
| v. ) | DETERMINE COMPETENCE OF |
| ) | DEFENDANT (18 U.S.C. §§ 4241 |
| JAMES NINETE LEON GUERRERO, ) | and 4247) |
| ) | |
| Defendant. ) | |

The defendant, James Ninete Leon Guerrero, through his counsel moved this Court pursuant to 18 U.S.C. § 4241(a) for a hearing to determine his competency to stand trial, and the government moved this Court pursuant to 18 U.S.C. §§ 4241(b), 4247(b) and [c] to commit the defendant to the custody of the Attorney General for placement in a suitable Federal Bureau of

1

Prisons facility in order to conduct a mental examination to determine whether the defendant is competent to stand trial.

On May 2, 2011, based on submissions by counsel for the defendant, the Court found reasonable cause to believe that the defendant may be incompetent to stand trial, and ordered that the mental examination requested by the government be conducted.

**ACCORDINGLY, IT IS ORDERED THAT:**

1. The defendant is committed to the custody of the Attorney General for placement in a suitable facility. Upon the defendant's arrival at the suitable facility, the competency examination of the defendant shall be completed within the time frame specified in 18 U.S.C. § 4247(b). Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the Court.

2. The question at issue is whether the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense. See 18 U.S.C. § 4241(a). The scope of the examination shall accordingly be limited to whether the defendant is presently competent to stand trial; the examination shall not focus on the defendant's sanity at the time of the offense, nor shall the examination purposefully attempt to explore potential aggravating or mitigating sentencing factors in this case.

3. A psychiatric or psychological report shall be prepared by the examiner designated to conduct the psychiatric or psychological examination and shall be filed with the Court with

copies provided to counsel for the defendant and counsel for the government, and shall include:

    (a)   the defendant's history and present symptoms;
    (b)   a description of the psychiatric, psychological and medical tests employed and their results;
    [c]   the examiner's findings; and
    (d)   the examiner's opinions as to diagnosis, prognosis, and
    (e)   whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

See 18 U.S.C. § 4247[c].

    4.   The defendant, through his counsel, may forward copies of any materials in his counsels' possession concerning the defendant bearing on the issue of his competence to stand trial to the director of the facility at which the examination is to be conducted, and shall provide a copy of such materials to counsel for the government.  The government may also submit to the director of the facility copies of any materials concerning the defendant in the government's possession bearing on the issue of his competence to stand trial to the director of the facility at which the examination is to be conducted, and shall provide a copy of such materials to counsel for the defendant.

    5.   The defendant shall be immediately transported to the suitable facility designated by the Attorney General, with the purpose that the examination and report shall be completed within 30 days following the defendant's arrival at the facility.  A copy of this Order shall be given to the United States Marshal, and the Marshal shall make the necessary arrangements for transportation

of the defendant to the designated suitable facility.

6. Upon the completion of the defendant's examination at the designated suitable facility, the director of the facility shall notify the Court, in writing, of the completion of the examination.

7. If the defendant is examined outside the Eastern District of California, the defendant shall not be transported back to the Eastern District of California until further order of the Court.

8. A videotape record shall be made by the examiners at the designated suitable facility of formal clinical interviews of the defendant upon which the examiner's report is based. Such videotape record shall be submitted to the Court and maintained under seal, until further order of the Court. This provision does not apply to observations and interactions with the defendant outside the context of formal clinical interviews, and does not preclude information from such observations and interactions from being included in the examiner's report.

9. Although the defendant's case has already been declared complex for purposes of the Speedy Trial Act, the period of commitment necessary to transport the defendant to a suitable facility and evaluate the defendant shall also be excluded in computing the time within which the trial of any such offense must commence, pursuant to Title 18, United States Code, Section 3161(h)(1)(A).

10. In accordance with Federal Rule of Criminal Procedure 12.2(c)(4), no statement made by the defendant in the course of any examination conducted under this rule (whether conducted with

4

or without the defendant's consent), no materials provided by defense counsel or statements made by defense counsel in furtherance of the defendant's competency examination, no testimony by the expert based on the statement, and no other fruits of the statement may be admitted into evidence against the defendant in any criminal proceeding except on an issue regarding mental condition on which the defendant: (A) has introduced evidence of incompetency or evidence requiring notice under Rule 12.2(a) or (b)(1), or (B) has introduced expert evidence in a capital sentencing proceeding requiring notice under Rule 12.2(b)(2).

IT IS SO ORDERED.

**Dated:   May 9, 2011**                            /s/ Oliver W. Wanger
                                                    UNITED STATES DISTRICT JUDGE