UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH CABRERA SABLAN and JAMES NINETE LEON GUERRERO,<br><br>    Defendant. | Case No. 1:08-CR-00259-PMP<br><br>**DEATH PENALTY CASE**<br><br>JOINT STIPULATION FOR PROTECTIVE ORDER, RELATED TO PHOTOGRAPHS OF THE UNITED STATES PENITENTIARY, ATWATER, CALIFORNIA, AND ORDER |

Defendant James Leon Guerrero has requested that the Bureau of Prisons permit his counsel ("the defense team") and experts to enter the United States Penitentiary, Atwater, California, ("USP Atwater"), on October 23, 2013, at approximately 10:00 a.m., for the purpose of inspecting, photographing and taking measurements of three areas in USP Atwater, namely: 1) the common areas and walkways in Housing Unit 5A; 2) cell 223; and, 3) the Receiving and Discharge ("R&D") area. Additionally, defense counsel has requested that members of the defense team be permitted to take the photographs and maintain exclusive possession and control of such photographs until such time as they are required to be produced to the prosecution team.

The defense team may enter USP Atwater on October 23, 2013, at approximately 10:00 a.m., for a duration agreeable to the parties, and subject to all applicable federal visiting regulations. The defense team will be accompanied at all times by Bureau of Prisons staff members, as deemed appropriate by Bureau of Prisons officials. The defense team will be permitted to bring the following into the institution for purposes of photographing the aforementioned areas of USP Atwater: two (2) cameras, one (1) cloth measuring tape, and one (1) rolling rule measure. The first camera will be utilized to take photographs, and the second camera will be a spare in case of malfunction of the first camera. Bureau of Prisons officials will maintain possession of the two cameras during all times within the institution, except when the defense team is using the camera to take photographs.

The defense team will be permitted to take still photographs, only, and will permit Bureau of Prisons officials to approve the subject and camera angle of the photograph before it is taken and to review the image after the photograph is taken. The defense team will be permitted take measurements of the aforementioned areas of USP Atwater. At no time will the defense team make audio or video recordings inside the prison or at any place on the prison grounds.

**The defense team and Bureau of Prisons agree as follows**:

1. Any documents, images, measurements or logs ("protected information") generated pursuant to the agreement between the Bureau of Prisons and the defense team ("the agreement") shall bear distinctive markings indicating that they are covered by this protective order. Each document or image produced and each computer disk used to store the documents or images shall bear the legend "Security PTO Docs" in bold print. Each page of documents produced shall be consecutively numbered with markings indicating such materials are protected pursuant to this agreement and Court Order.

2. Copies of the protected information produced pursuant to the agreement may be created and provided to Counsel of record for each defendant and shall be numbered sequentially. The defense team shall not make additional copies of the documents and

images except as provided for in this agreement and Court Order, and as is necessary for Court proceedings in this case.

3. The defense team and the Bureau of Prisons shall not distribute or disclose the protected information, except as provided for in this agreement and Court Order or as is necessary for Court proceedings in this case.

4. Protected information produced pursuant to the agreement shall be segregated from other discovery files of the defense team. These documents shall be sequestered so that they may be viewed only by attorneys representing defendants, and the experts working under the attorneys' supervision in this case. Each person who views the documents shall be given a copy of this agreement and Court Order. Defendants may view, in the presence of their counsel only, the photographs and information subject to this order. Neither defendant, nor any inmate or other criminal defendant, shall maintain or possess the photographs and information subject to this order. The defense team shall maintain a list of individuals who view these documents. At the conclusion of these proceedings, the defense team shall file that list *ex parte* and under seal.

5. Documents and images produced pursuant to the agreement, and all information contained therein, shall be embargoed so that it may be viewed and used only for purposes of the defense of the defendants in the present case. No protected information, shall be disclosed outside of these proceedings. If any report prepared in accordance with Fed. R. Crim. P. 16(b)(1)(C) contains or refers to information contained in these documents or images, the report shall bear the legend specified in Paragraph 1, *supra*, and shall be filed under seal. Should the image of any prison inmate or staff member be captured in any photograph, the face or such prison inmate or staff member shall be blurred or otherwise concealed prior to the use of such photograph for any purpose, to include presentation during the course of this proceeding.

6. The protected documents and images, and/or the contents thereof, shall be disclosed only to:

   a. Counsel of record for the parties

b. Expert consultants/witnesses, who are retained or consulted by the parties for the purposes of providing testimony or performing other services relating to this action, provided that they shall receive and agree to be bound by the terms of this Order. Experts may retain copies of the protected information only for purposes of the defense of the defendants in the present case. The defense team shall ensure that no protected information shall be disclosed outside of these proceedings, nor may the protected information be retained by experts after conclusion of the present case;

c. Defendants, who may only view such information as described in paragraph 4, above.

7. In the event a party seeks to introduce protected information into evidence the following procedures will be used:

a. Before introducing the protected information, the defense team shall provide to the Court a description of the document or image to which the defense team intends to refer. In the event the document or image is admitted or proffered, it shall be subject to protection.

b. Before displaying a protected document or image, the defense team shall advise the Court of its intention, and shall request that the courtroom be cleared of all persons except for the defense team, the witness, the defendants, the court's staff, the jury, counsel for the United States, and the government's case agent.

c. If a document or image covered by this Order, or any portion thereof, is proffered or admitted into evidence, it will be retained by the Court under seal; the exhibit will not be publicly available.

d. At the conclusion of trial, before the transcript becomes publically available, the parties will file a joint statement identifying the portions of the transcript that should be redacted along with a proposed order directing the Clerk to make the redactions.

8. This agreement and Court Order shall continue in effect after the conclusion

of these proceedings. Following any appeal or post-conviction review, then-counsel for the Defendants shall be responsible for returning to counsel for the United States each document or image produced pursuant to the agreement, within 30 days of the termination of the action, including copies provided to expert consultants/witnesses. This shall not include documents that have been filed with the Court or that contain notations of counsel or experts/consultants, in which case they are to be destroyed by the defense team within 30 days of the termination of the action. The defense team shall certify to this Court that they have irretrievably destroyed all documents or images, including all copies, which are the subject of this agreement and Court Order.

DATED: October 25, 2013.

| Counsel for Defendant Guerrero: | Counsel for Plaintiff United States: |
|---|---|
| /s/ Richar G. Novak<br>Richard G. Novak<br>Law Offices of Richard G. Novak | /s/ Duce Rice<br>Duce Rice<br>Assistant United States Attorney |
| This was agreed to via email 10/28/13 | This was agreed to via email on 10/25/13 |
| /s/ Salvatore Sciandra<br>Salvatore Sciandra<br>Law Offices of Salvatore Sciandra | /s/ Bonnie Hannan<br>Bonnie Hannan<br>Trial Counsel |
| | This was agreed to via email on 10/28/13 |

/s/ Iris Y. Roe
Iris Y. Roe
Law Offices of Richard G. Novak

This was agreed to via email on 10/28/13

**ORDER**

**IT IS SO ORDERED.**

DATED: October 28 , 2013.

HONORABLE PHILLIP M. PRO
UNITED STATES DISTRICT COURT
JUDGE