UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH CABRERA SABLAN, and JAMES NINETE LEON GUERRERO,<br><br>    Defendants. | 1:08-cr-00259-PMP<br><br>**ORDER RE PLAINTIFF UNITED STATES' MOTION (Doc. #751)** |

Before the Court for consideration is Plaintiff United States' Motion for Psychiatric or Psychological Examination to Determine Intellectual Disability/Mental Retardation Status of Defendant Leon Guerrero (Doc. #751) filed November 13, 2013. Defendant Leon Guerrero filed a Response to the Government's Motion (Doc. #757) on December 4, 2013. Both the Government's Motion and Defendant's Response include proposed orders for psychiatric or psychological examinations of Defendant Leon Guerrero which vary to some degree in substance. Having read and considered the foregoing, the Court adopts the attached Proposed Order for Psychiatric or Psychological Examination proposed by Plaintiff United States (Doc. #751), with the additional provision as proposed by Defendant Leon Guerrero that all testing performed and interviews conducted with Defendant Leon Guerrero in the course of the Government's psychological or psychiatric examination shall be video recorded. The original of the video recording shall be placed under seal with the Court, and copies made available to counsel for the Government and both Defendants.

**IT IS SO ORDERED**.

DATED: December 9, 2013.

_____
PHILIP M. PRO
United States District Judge

| | |
|---|---|
| 1 | BENJAMIN B. WAGNER<br>United States Attorney |
| 2 | Dawrence W. Rice, Jr.<br>Assistant United States Attorney |
| 3 | Bonnie Hannan<br>Trial Attorney |
| 4 | U.S. Department of Justice<br>2500 Tulare Street, Suite 4401 |
| 5 | Fresno, CA 93721<br>Telephone: (559) 497-4000 |
| 6 | Facsimile: (559) 497-4099 |
| 7 | |
| 8 | Attorneys for Plaintiff<br>United States of America |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE CABRERA SABLAN, AND<br><br>JAMES NINETE LEON GUERRERO,<br><br>Defendants. | CASE NO. 1:08-CR-00259 PMP<br><br>PROPOSED ORDER FOR PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION BY EXPERT FOR PLAINTIFF TO DETERMINE INTELLECTUAL DISABILITY/MENTAL RETARDATION STATUS OF DEFENDANT LEON GUERRERO (F.R.Cr.P., Rule 12.2(c)(1)(B)). |

On November 5, 2013, counsel for defendant Leon Guerrero filed a motion pursuant to F.R.Cr.P., Rule 12.2(b)(2) asserting that defendant Leon Guerrero is ineligible for capital punishment based on intellectual disability, formerly called mental retardation, under <u>Atkins v. Virginia</u>, 536 U.S. 304 (2002).

Pursuant to F.R.Cr.P., Rule 12.2(c)(1)(B), the government has moved the Court for an order that defendant Leon Guerrero submit to a psychiatric or psychological examination by an expert for the plaintiff to determine whether he is intellectually disabled/mentally retarded; and, if so, to what degree.

1

The government's motion for an order that defendant Leon Guerrero submit to a psychiatric or psychological examination by an expert for the plaintiff to determine whether he is intellectually disabled/mentally retarded; and, if so, to what degree, is granted on the following terms and conditions.

**ACCORDINGLY, IT IS ORDERED THAT:**

1. Unless impractical, the psychiatric or psychological examination shall be conducted in a suitable facility in Southern California.

2. The question at issue is whether the defendant Leon Guerrero is intellectually disabled/mentally retarded to the degree that he is ineligible for capital punishment under Atkins v. Virginia, 536 U.S. 304 (2002). The scope of the examination shall accordingly be limited to whether the defendant is intellectually disabled/mentally retarded; and if so, to what degree; the examination shall not focus on the defendant's sanity at the time of the offense, nor shall the examination purposefully attempt to explore potential aggravating or mitigating sentencing factors in this case.

3. A psychiatric or psychological report shall be prepared by the expert for the plaintiff designated to conduct the psychiatric or psychological examination and shall be filed with the Court with copies provided to counsel for defendant Leon Guerrero, counsel for co-defendant Sablan, and counsel for the government, and shall include:

(a) a description of the psychiatric and psychological tests employed and their results;
(b) the examiner's findings; and,
(c) the examiner's opinion as to whether the defendant is intellectually disabled /mentally retarded , and if so, to what degree.

4. Counsel for defendant Leon Guerrero may submit copies of any materials concerning the defendant bearing on the issue of his intellectual disability/mental retardation to the expert for the plaintiff conducting the psychiatric or psychological examination, and shall provide a copy of such materials to counsel for the government if not already provided in discovery. The government may also submit copies of any materials concerning the defendant bearing on the issue of his intellectual disability/mental

2

retardation to the expert for the plaintiff conducting the psychiatric or psychological examination, and shall provide a copy of such materials to counsel for the defendant if not already provided in discovery.

5. A copy of this Order shall be given to the United States Marshal, and the Marshal shall make the necessary arrangements for transportation of the defendant to the designated suitable facility for the psychiatric or psychological examination.

6. Upon the completion of the defendant's examination at the designated suitable facility, the expert for the plaintiff shall notify the Court and counsel for the defendant of the completion of the examination.

7. In accordance with Federal Rules of Criminal Procedure, Rule 12.2(c)(4), no statement made by the defendant in the course of the examination, no testimony by the expert of the plaintiff based on such statement, and no other fruits of such statement may be admitted into evidence against the defendant in a criminal proceeding, except on the issue of the mental condition of the defendant if counsel for the defendant has introduced evidence of intellectual disability/mental retardation in a pre-trial Atkins hearing or capital sentencing proceeding.

Dated: December 9, 2013

_____
PHILIP M. PRO
United States District Judge

3