UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA—FRESNO DIVISION

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH CABRERA SABLAN and JAMES NINETE LEON GUERRERO,<br><br>    Defendants. | 1:08-CR-00259-PMP<br><br>**ORDER** on Defendant James Ninete Leon Guerrero's Motion to Strike or Modify the Notice of Intent to Seek the Death Penalty (Doc. #595) |

Before the Court for consideration is Defendant James Ninete Leon Guerrero's Motion to Strike or Modify the Notice of Intent to Seek the Death Penalty (Doc. #595) filed May 15, 2013. Defendant Joseph Cabrera Sablan has Joined in Defendant Leon Guerrero's Motion (Doc. #603). The Government filed a Response (Doc. #618) on June 14, 2013. Defendant Leon Guerrero did not file a Reply. The Court heard arguments from counsel at a Hearing (Doc. #742, #752) in Fresno on October 24, 2013.

**I. BACKGROUND**

The parties are familiar with the facts of the case and the Court will not repeat them here except where necessary. Defendants are charged with a three-count Indictment (Doc. #1) for the murder of Correctional Officer Jose V. Rivera. In addition to the three counts, the Indictment lists eleven Special Findings as to Defendant Leon Guerrero. (Id.) The Special Findings serve to meet the mental state and aggravating factors required by the Federal Death Penalty Act ("FDPA"). The Government filed a notice of intent to seek the death penalty (Doc. #54). After the filing of Defendant Leon Guerrero's present Motion, on July 16, 2013, the Court granted the Government leave (Doc. #664) to file an amended notice of intent to seek the death penalty (Doc. #589),

substantively the same as the original. Defendant Leon Guerrero did not seek leave to amend his Motion to address any changes in the amended notice, the Court will treat his present Motion as addressing the amended notice.

Defendant Leon Guerrero moves to strike or modify the Notice of Intent to Seek the Death Penalty on six grounds. First, he argues the Supreme Court's ruling in Ring v. Arizona, 536 U.S. 584 (2002), has rendered the FDPA unconstitutional. Second, he argues the Special Findings should be stricken because they were not obtained according to the Fifth Amendment's requirements for indictments. Third, Defendant Leon Guerrero argues the FDPA is unconstitutional because it presents a likely incomprehensible process to jurors. Fourth, he argues the death penalty is unconstitutional because of the risk of executing the innocent. Fifth, he argues two of the special findings should be dismissed because they are unconstitutionally vague and overbroad. Sixth, Defendant Leon Guerrero moves the Court to declare the death penalty unconstitutional because it violates the Eighth Amendment prohibition on cruel and unusual punishment.

The Government responds that both the FDPA and the death penalty are constitutional. The Government also contends the Notice of Intent to Seek to the Death Penalty and the special findings comply with legal precedent and the Fifth Amendment.

**II. DISCUSSION**

    **1. Constitutionality of the FDPA**

Defendant Leon Guerrero argues the FDPA is facially unconstitutional in light of Ring v. Arizona, in which the Supreme Court held "aggravating factors operate as 'the functional equivalent of an element of a greater offense'" and must be presented to a jury under the Sixth Amendment. 536 U.S. at 585 (2002) (quoting Apprendi v. New Jersey, 530 U.S. 466, 494 n.19 (2000)). Defendant Leon Guerrero argues the Ring holding couples with the requirement in Jones v. United States, 526 U.S. 227, 251-52 (1999), that the elements of a federal offense must be charged in the Indictment, presented to a jury, and proved beyond a reasonable doubt. He asserts this combination creates a new capital murder offense that contains elements not authorized by Congress. He further argues that the FDPA does not allow the presentation of aggravating factors

to a grand jury, thus presenting the aggravating factors to a grand jury is unconstitutional and contrary to Congressional intent.

Defendant Leon Guerrero also argues contrary decisions from Courts of Appeals have been wrongly decided because they do not address the principles established by United States v. Jackson, 390 U.S. 570 (1968) (holding the Federal Kidnapping Act, which provides for the death penalty only upon recommendation from the jury, does not authorize convening of a special jury to consider the death penalty after the defendant pleads guilty or is tried before a judge). Defendant Leon Guerrero argues Jackson prohibits courts from interpreting the FDPA to allow the presentation of aggravating factors to a grand jury. He further argues that post-Apprendi drug-quantity cases, severability analysis, and constitutional avoidance cannot "save the FDPA."

The Government concedes that lower courts have held that the Fifth Amendment, in light of Ring, requires a grand jury to find the FDPA intent element and aggravating factors. However, the Government contends the Department of Justice's practice of requiring federal prosecutors to obtain special findings in the Indictment satisfies this requirement. The Government further argues the presentation of aggravating factors to the grand jury is not prohibited by the FDPA, does not violate Congressional intent, and has been correctly upheld by courts.

Defendant Leon Guerrero's arguments have been considered and rejected by several Circuits. See United States v. Sampson, 486 F.3d 13, 20-22 (1st Cir. 2007) ("[The Defendant] contends both that there is a conflict between the FDPA and Ring, and that curing the problem would require the rewriting of the statute, which is a legislative function. This contention is unpersuasive. The courts that have considered this thesis uniformly have rejected it."); United States v. Brown, 441 F.3d 1330, 1367 (11th Cir. 2006), cert. denied, 549 U.S. 1182 (2007) ("The FDPA is not facially unconstitutional. Nothing prohibits the government from presenting aggravating factors to a grand jury and then, if appropriate, charging those aggravating factors in the indictment."); United States v. Allen, 406 F.3d 940, 949 (8th Cir.2005); United States v. Barnette, 390 F.3d 775, 788–90 (4th Cir.2004), vacated on other grounds, 546 U.S. 803 (2005); United States v. Robinson, 367 F.3d 278, 290 (5th Cir.2004).

The Court rejects Defendant Leon Guerrero's contention that the Circuit Courts' decisions

are flawed because they failed to address United States v. Jackson and the separation of powers doctrine. In Jackson, the Court rejected the government's interpretation of the Federal Kidnapping Act, which required a death sentence upon the recommendation of the jury, to grant authority to the judge to either set aside the jury's recommendation or to convene a special jury for sentencing purposes when a defendant pleaded guilty. United States v. Jackson, 390 U.S. 570, 572-76 (1968). Of the opinions cited above, only Sampson references the Jackson decision. 486 F.3d at 22 (holding Jackson inapposite to an FDPA case because it does "not require us to 'create from whole cloth a complex and completely novel procedure.' . . . [T]he role of the grand jury in charging the elements of an offense has long been established. Here, the government honored that role; it simply presented the grand jury with evidence of possible aggravating factors.") FDPA cases are distinguishable from Jackson because the FDPA is silent on the role of the grand jury in charging aggravating factors and the use of the grand jury to find those factors does not violate any statutory requirement or conflict with Congressional intent. See, Fed. R. Civ. P. 7 (requiring the Indictment to contain the "essential facts constituting the offense charged"). Because the Court finds the application of the FDPA in this case to be constitutional, it need not address the use of post-Apprendi drug-quantity cases, severability analysis, or constitutional avoidance.

**2. Special Findings and the Fifth Amendment**

Defendant Leon Guerrero argues the Government has failed to obtain an Indictment in compliance with the Fifth Amendment. He argues the Government did not inform the grand jury of a potential death penalty and that the Indictment does not indicate the grand jury intended to return an Indictment charging a capital offense. He further contends the Indictment does not allege the aggravating factors sufficiently outweigh the mitigating factors in this case to justify capital punishment. The Government responds that it informed the grand jury that this is a death penalty eligible case despite not being required to do so. The Government also contends the Fifth Amendment does not require the grand jury be informed of the punishments a defendant may face or that the grand jury find the aggravating factors outweigh the mitigating factors.

An Indictment is constitutional where it, "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables

him to plead an acquittal or conviction in bar of future prosecutions for the same offense."
Hamling v. United States, 418 U.S. 87, 117 (1974). The weighing of aggravating and mitigating factors is the role of the sentencing authority and does not need to be charged in the Indictment. See United States v. Purkey, 428 F.3d 738, 749 (8th Cir. 2005) ("[I]t makes no sense to speak of the weighing process mandated by 18 U.S.C. § 3593(e) as an elemental fact for which a grand jury must find probable cause"). Rather the weighing process provides a procedure for the jury to formulate an individualized determination regarding "whether the defendant should be sentenced to death, to life imprisonment without possibility of release or some other lesser sentence." Id. at 750 (quoting § 3593(e)(3)).

Here, the Government informed the grand jury that the case is a "death penalty case." (Grand Jury Trans. at 4, line 16). The Indictment contains the elements of the three charged offenses and Defendant Leon Guerrero the opportunity to plead. (Indictment, Doc. #1). That the weighing of aggravating and mitigating factors is not part of the Indictment is inconsequential.[1] The Indictment therefore complies with the constitutional requirements imposed by the Fifth Amendment.

### 3. FDPA Incomprehensible to Jurors

Defendant Leon Guerrero next argues the FDPA does not provide a structure for jurors to make a reasoned choice between a life sentence and the death penalty. He argues that research demonstrates the FDPA is incomprehensible to jurors and that Supreme Court death penalty decisions are based on unfounded assumptions. In support of his argument, Defendant Leon Guerrero cites several studies in various journals that purport to demonstrate juror confusion about the procedures set by the FDPA. The studies are based on interviews with capital-case jurors in at least fourteen different states. The Government responds that Defendant Leon Guerrero fails to establish the FDPA is unconstitutional and that the research studies are not binding on the Court.

Defendant Leon Guerrero bears the burden of establishing that the FDPA is unconstitutional. See, e.g., Lujan v. G & G Fire Sprinklers, Inc., 532 U.S. 189, 198 (2001). "A facial challenge to a legislative Act is . . . the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be

---

[1] Indeed, defendants are not able to present mitigating evidence to a grand jury. Therefore requiring the weighing of mitigating factors would be difficult, if not impossible.

valid . . . ." United States v. Salerno, 481 U.S. 739, 745 (1987). A statute must be construed to give it constitutional effect to avoid raising serious constitutional problems. See, e.g., INS v. St. Cyr, 533 U.S. 289, 299–300 (2001). There is also a basic presumption that juries will follow the instructions issued by the Court. Marshall v. Lonberger, 459 U.S. 422, 438 n.6 (1983) (quoting Parker v. Randolph, 442 U.S. 62, 73 (1979)). This presumption is overcome only if there is an "'overwhelming probability' that the jury will be unable to follow the court's instructions . . . and a strong likelihood that the effect of the evidence would be 'devastating' to the defendant." Greer v. Miller, 483 U.S. 756, 766 n.8 (1987) (citations omitted); see also United States v. Stone, 9 F.3d 934, 938 (11th Cir. 1993); United States v. Perrone, 936 F.2d 1403, 1410 (2d Cir. 1991).

Other courts have addressed similar arguments to those of Defendant Leon Guerrero and have consistently rejected his position. See, e.g., United States v. Taylor, 635 F. Supp. 2d 1243, 1246-47 (D.N.M. 2009). In United States v. Sablan, the Court found the argument to be unsupported:

> Defendant essentially asserts that the FDPA's penalty scheme is so confusing that a jury will never be able to comprehend the concepts of aggravating and mitigating factors, regardless of the instructions given, and will never be able to make a reasoned decision concerning whether to impose death sentence or a life sentence without the possibility of parole. I find no support for this assertion. Similar arguments, based on some of the same studies cited by Defendant in this case, have been rejected by other courts . . . .

2006 WL 1028780, *7 (D.Colo. 2006). The Sablan Court described the studies cited by the defendant in that case as "data gathered from interviews with capital-case jurors in California, North Carolina, Oregon and other states . . ." and that none of the studies dealt specifically with the FDPA. Id. at *7.

This Court agrees with the other courts that have addressed and rejected the position taken by Defendant Leon Guerrero on whether the FDPA is incomprehensible. See United States v. Mikos, No. 02 CR 137–1, 2003 WL 22110948, at *17–19 (N.D.Ill., Sept. 11, 2003) ("[t]here is no justification prior to trial for this court to hold that the sentencing jury will be unable to comprehend the provisions of the FDPA or the instructions provided by the court or counsel"); United States v. Regan, 228 F.Supp.2d 742, 746 (E.D. Va. 2002); United States v. Llera Plaza, 179 F.Supp.2d 444, 450 (E.D. Pa.2001) (studies cited "do not establish that the concepts of aggravating and mitigating factors as used in the FDPA bear such a degree of intrinsic 'incomprehensibility' as

to render them incapable of clarification through adequate jury instructions"). Accordingly, Defendant Leon Guerrero's argument that the FDPA is unconstitutional because it is incomprehensible to jurors has no merit. Defendant Leon Guerrero's request for a merits hearing to further argue this point is denied.

**4. Risk of Executing the Innocent**

Defendant Leon Guerrero argues the continued use of the federal death penalty will lead to the execution of of innocent people and therefore should be declared unconstitutional. He relies on statistics of recent exonerations of inmates on death row as well as the findings of the district court in United States v. Quinones, 205 F.Supp.2d 256 (S.D.N.Y. 2002), which was overruled by the Second Circuit. See, United States v. Quinones, 313 F.3d 49, 68-69 (2d Cir. 2002), cert. denied, 540 U.S. 1051 (2003) ("[T]he District Court erred in recognizing a [fundamental] right of an innocent person not to be deprived, by execution, of the opportunity to demonstrate his innocence and we likewise would err if we were to ignore or reject the jurisprudence of the Supreme Court on this subject. In sum, if the well-settled law on this issue is to change, that is a change that only the Supreme Court or Congress is authorized to make") (quotation omitted). The Quinones court relied on United States v. Herrera, in which the Supreme Court specifically held that the death penalty is not per se unconstitutional while again recognizing the fact that innocent individuals might be executed under the inherent fallibility of any system of justice. 506 U.S. 390, 416–20 (1993).

Defendant Leon Guerrero contends the holdings in Quinones and Herrera do not foreclose the substantive or procedural due process bases for finding the FDPA unconstitutional. However, those cases make clear the Court cannot ignore established precedent. The Court therefore declines to find the FDPA unconstitutional because of the risk of executing the innocent.

**5. Modifying/Striking the Aggravating Factors**

Defendant Leon Guerrero argues two of the statutory aggravating factors alleged against him should be stricken. First, Defendant Leon Guerrero argues the "especially heinous, cruel or depraved manner" ("EHCD") factor under 18 U.S.C. § 3592(c)(6) is unconstitutionally vague and, per his Ring argument above, a sub-element of the unenacted federal capital murder offense. Defendant Leon Guerrero also argues the Government has failed to provide an adequate factual

7

basis for the EHCD factor. The Court has already addressed these arguments in its Order (Doc. #682) dated August 15, 2013, in which the Court denied Defendant Sablan's motion to strike the EHCD aggravating factor on the same grounds, and will not repeat its analysis here. The Court therefore will neither strike the EHCD aggravating factor nor order the Government to provide additional evidence regarding this factor.

Second, Defendant Leon Guerrero argues the "substantial planning and premeditation" factor under § 3592(c)(9) should be stricken because it is unconstitutionally vague and overbroad. Defendant Leon Guerrero's argument is puzzling because this factor was not alleged in the Notice of Intent to Seek the Death Penalty (Doc. #54) or the Amended Notice of Intent to Seek the Death Penalty (Doc. #589). The Court therefore need not address this irrelevant argument.

### 6. Death Penalty As Cruel and Unusual

Defendant Leon Guerrero argues the Court should declare the death penalty unconstitutional as cruel and unusual punishment and a per se denial of due process in all cases. He recognizes that the death penalty may remain part of the law of the land for many years, but maintains that it is unconstitutional for five reasons: (1) it is racist; (2) it has led, and will lead, to the execution of innocent individuals; (3) the process places an unacceptable level of discretion in the prosecutor; (4) there is no principled basis for distinguishing between those sentenced to death and those who are not; and (5) evolving standards of decency have rendered the death penalty inconsistent with the Eighth Amendment.

Existing legal precedent makes clear that the death penalty is not per se cruel and unusual punishment in violation of the Eighth Amendment. See McCleskey v. Kemp, 481 U.S. 279, 300-03 (1987); Gregg v. Georgia, 428 U.S. 153, 168-87, 177-78, 183 (1976) (the death penalty is not per se cruel and unusual punishment in violation of the Eighth Amendment); United States v. Jones, 132 F.3d 232, 242 (5th Cir. 1998), aff'd, 527 U.S. 373 (1999). To establish a race-based claim, Defendant Leon Guerrero must show he is being prosecuted with "discriminatory purpose" and that he suffers a "discriminatory effect" as a result, with "evidence specific to his own case." McCleskey, 481 U.S. at 292. Defendant Leon Guerrero's arguments as to cruel and unusual punishment and per se unconstitutionality do not persuade the Court to disregard or contradict well-established cases.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant James Ninete Leon Guerrero's Motion to Strike or Modify the Notice of Intent to Seek the Death Penalty (Doc. #595), as Joined by Defendant Joseph Caberera Sablan (Doc. #603), is **DENIED**.

Dated: January 15, 2014

_____
HONORABLE PHILIP M. PRO
U.S. DISTRICT COURT JUDGE