# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES NINETE LEON GUERRERO,<br><br>    Defendant. | Case No.  1:08-cr-00259-JLT-2<br><br>ORDER UPON VOLUNTARY DISMISSAL AND DIRECTING CLERK OF COURT TO CLOSE THE CASE |

Defendant is a federal prisoner proceeding pro se on motions for relief pursuant to 28 U.S.C. § 2255 relating to his 2014 guilty plea and life sentence (Docs. 959 & 962). He has filed a motion to dismiss the proceedings. (Doc. 963).[1] Respondent has not responded to the motions.[2]

In 2008, defendant and his cellmate, both then serving life sentences, were charged in the murder of a federal correctional officer at FCI Atwater, California. Pretrial competency proceedings pursuant to 18 U.S.C. § 4241 were terminated upon defendant's restoration to competence with psychotropic medication. Defendant plead guilty to murder by a federal prisoner serving a life sentence.[3] On May 30, 2014, judgment was entered on conviction and sentence. (Doc. 844). Defendant did not appeal.

---

[1] Defendant is incarcerated at Atlanta FCI, with a release date of life. Federal Bureau of Prisons Inmate Locator (http://www.bop.gov/inmateloc/) last visited April 21, 2026.

[2] The Court has not ordered a response. (*See* docket).

[3] The plea agreement included appeal and collateral attack waivers. (Doc. 813 at 5).

On December 19, 2024, defendant filed a "motion to file first but delayed § 2255." (Doc. 959). In the motion, defendant requested relief from the one-year limitations period of 28 U.S.C. § 2255(f) on various § 2255(f)((2) and equitable tolling grounds including serious mental and physical illness, incompetence, lack of access to case files, and impediments relating to confinement, and claimed his guilty plea was the result of ineffective assistance of counsel.[4] (Doc. 959); *see also United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004) (the statute of limitations contained in § 2255 is subject to equitable tolling); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) ("To be entitled to equitable tolling, a movant must show: (1) that [he] has been pursuing [his] rights diligently, and (2) that some extraordinary circumstance stood in [his] way and prevented timely filing.").

On November 24, 2025, defendant filed a "motion to amend filing of first but delayed § 2255." (Doc. 962). In the motion, defendant supplements both the grounds for relief from the one-year deadline and the claimed ineffective assistance of counsel relating to incompetence and the guilty plea.

On March 27, 2026, defendant filed the instant motion seeking dismissal with prejudice of the pending motions for relief pursuant to 28 U.S.C. § 2255. (Doc. 962).

A petitioner generally may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Filing a notice of dismissal under Rule 41(a)(1) "closes the file." *Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001) (quoting *Pedrina v. Chen*, 987 F.2d 608, 610 (9th Cir. 1993)). "Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them." *Id.* Only certain collateral issues, like costs and attorney's fees, remain within the district court's jurisdiction. *Elgen Manufacturing Co., Inc. v. Mac Arthur Co.,*

---

[4] 28 U.S.C. § 2255(f)2) provides that "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -- the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action[.]"

2024 WL 3875789, at *4 (N.D. Cal. Aug. 16, 2024). Voluntary dismissal has the "special, self-executing effect" of "leav[ing] the parties as though no action had been brought." *United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1145-46 (9th Cir. 2008) (quoting *Duke Energy Trading & Mktg., L.L.C.*, 267 F.3d at 1049).

In light of defendant's voluntary dismissal of the pending § 2255 motions (Doc. 963), proceedings thereon are dismissed with prejudice (Docs. 959, 962).[5] The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:    **April 22, 2026**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

---

[5] Rule 12 of the Rules Governing Section 2254 and 2255 Cases provides that the Federal Rules of Civil Procedure apply to proceedings under these Rules "to the extent that they are not inconsistent with any statutory provisions or these rules." The court is unaware of any rule that runs contrary to Federal Rule of Civil Procedure 41 and finds that it is applicable in this federal habeas action, a conclusion reached by numerous other courts. *See, e.g.*, *Williams v. Clarke*, 82 F.3d 270, 273 (8th Cir. 1996); *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993); *Orozco v. Cal. Dep't of Corr.*, 2017 WL 6626637, at *4 n.8 (C.D. Cal. Dec. 28, 2017); *Perez v. Perez*, 2015 WL 1275320, at *1 (C.D. Cal. Mar. 16, 2015).